CIV '06 1676 PHX SMM

1  Stephanie R. Gast, Esq. – State Bar #237792
2  Krohn & Moss, Ltd.
3  5055 Wilshire Blvd
   Suite 300
4  Los Angeles California 90036
5  (323) 988-2400
   sgast@consumerlawcenter.com
6
7  Attorney for Plaintiff



IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

CARMEN GARCIA,                          )  Case No. SACV06-450 CJC (AN)
                                        )
        Plaintiff,                      )  COMPLAINT
                                        )
    vs.                                 )
                                        )
TRANS UNION, LLC,                       )
                                        )
        Defendant.                      )
                                        )

I. **Preliminary Statement**

1.  This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended.*



COMPLAINT

## II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §§1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## III. Parties

3. Plaintiff, Carmen Garcia, is an adult individual and citizen of the state of Arizona.

4. Defendant Trans Union, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of California, is a citizen of the State of California.

## IV. Factual Allegations

5. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

6. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named "NCO Financial #5560945." Specifically, Plaintiff asserts that the NCO Financial Account was paid in full and should reflect a $0.00 balance. However, Defendant has disseminated credit reports and/or information that the NCO Financial Account has a past due balance of $1450.00.

7. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

8. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

9. On December 28, 2005, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

10. Notwithstanding Plaintiff's efforts, Defendant sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

11. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

12. Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown, including the fear of applying for credit;

c. Decreased credit score which may result in inability to obtain credit on future attempts and which has resulted in the Plaintiff's fear of applying for credit.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT ONE –
## VIOLATIONS OF THE FCRA v. TRANS UNION, LLC

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

17. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

19. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c) willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   JURY TRIAL DEMAND

31. Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Carmen Garcia, seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o;

(e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f) An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g) Such other and further relief as may be necessary, just and proper.

Dated this 4th day of May 2006.

Stephanie R. Gast
Attorney for Plaintiff,
CARMEN GARCIA

COMPLAINT