**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Garcia,<br><br>          Plaintiff,<br><br>     v.<br><br>Trans Union LLC,<br><br>          Defendant. | No. CV-06-1676-PHX-SMM<br><br>**ORDER** |

On October 5, 2006, this Court issued an Order Setting Rule 16 Preliminary Pretrial Conference to counsel for Plaintiff, Jennifer Basola, and counsel for Defendant, Donald Bradley.  (Dkt. 14.)  This Order expressly provided that a Preliminary Pretrial Conference was scheduled to take place on December 4, 2006 at 10:00 a.m.   In addition the Order mandated:

> **1.     COUNSEL WHO WILL BE RESPONSIBLE FOR TRIAL OF THE LAWSUIT FOR EACH PARTY SHALL PERSONALLY APPEAR AND PARTICIPATE IN THE PRELIMINARY PRETRIAL CONFERENCE.** . . . .

> 2.     **IN ADDITION TO COUNSEL OF RECORD, EACH PARTY, OR A REPRESENTATIVE OF EACH PARTY (WHO IS <u>NOT</u> COUNSEL OF RECORD) WITH BINDING SETTLEMENT AUTHORITY IF THE PARTY IS AN ENTITY, SHALL BE PRESENT AT THE PRELIMINARY**

**PRETRIAL CONFERENCE.  NO PARTY OR COUNSEL SHALL BE EXCUSED FROM PERSONALLY APPEARING AT THE CONFERENCE WITHOUT PRIOR PERMISSION OF THE COURT.  See Fed. R. Civ.P. 16(f).**

Dkt. 14 at ¶¶1-2 (emphasis and type style in original).

On December 4, 2006, Donald Bradley and Philip Wooten, counsel for Defendant Trans Union LLC, appeared for the Court-ordered Pretrial Conference, as did Patricia Norris, Trans Union's client representative.  Clifford Levenson also appeared at the Pretrial Conference.  Mr. Levenson, an attorney who has <u>not</u> filed a notice of appearance in the present case and is <u>not</u> counsel of record, stated that he was appearing "for Tracy Piasecki," a California attorney whose name appears on the Rule 26(f) Case Management Plan filed on November 27, 2006, but who has not sought to be admitted *pro hac vice*, in violation of LRCiv. 83.1(b)(3).  <u>See</u> dkt. 15.

In contravention of the clear and unambiguous language of this Court's order setting the Preliminary Pretrial Conference (<u>see</u> dkt. 14 at ¶¶ 1-2), counsel of record for Plaintiff, Jennifer Basola of the law firm Krohn & Moss Ltd., did not appear at the Preliminary Pretrial Conference.  Similarly, in violation of this Court's order to appear, neither Plaintiff Carmen Garcia nor a representative of Plaintiff Garcia appeared at the Preliminary Pretrial Conference.  <u>See id.</u>  As a result of Ms. Basola's and Plaintiff Garcia's violation of this Court's Order Setting Pretrial Conference, (i) no appearance was made on behalf of Plaintiff Garcia at the Pretrial Conference, (ii) the Pretrial Conference set for December 4, 2006 was cancelled, and (iii) a new Pretrial Conference has been scheduled to take place on January 16, 2007 at 2:00 p.m.  Because of their noncompliance with this Court's October 5 Order, Ms. Besola and Plaintiff Garcia will be sanctioned under Rule 16(f) of the Federal Rules of Civil Procedure.

/ / /

/ / /

Rule 16(f) of the Federal Rules of Civil Procedure provides as follows:

> **(f) Sanctions**. *If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference,* . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the *judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees*, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16(f), emphasis added.

By failing to appear at the Preliminary Pretrial Conference on December 4, 2006 at 10:00 a.m., Ms. Besola and Plaintiff Garcia  failed to obey this Court's Order scheduling the Pretrial Conference, therefore violating Rule 16(f) in two ways. <u>See</u> Dkt. 14 at ¶¶1-2.  Mr. Levenson's  appearance at the hearing did not constitute an appearance on behalf of Plaintiff because he is not counsel of record.  <u>See</u> LRCiv. 83.3(a).  As a result of Ms. Besola's and Plaintiff Garcia's noncompliance with this Court's scheduling Order and failure to appear on December 4, 2006, the Court was not authorized to proceed with the Preliminary Pretrial Conference, even though Defendant's counsel and client representative had incurred substantial costs in order to timely appear at the Conference.

The Court finds that noncompliance with the Court's Order scheduling the Pretrial Conference was not (and could not be) substantially justified because (i) The Court did not receive a telephone call or Court filing from Ms. Besola or Plaintiff Garcia explaining the reasons for their absence or seeking a continuance of the Conference due to an emergency;

(ii) Neither Ms. Besola nor Plaintiff Garcia sent a representative of Ms. Garcia to the Conference; and (iii) Ms. Besola should have known that, under this Court's local rules, Mr. Levenson was not authorized to appear at the Conference on Plaintiff's behalf.  See LRCiv. 83.3(a).  The Court further finds that no circumstances make this award of monetary sanctions unjust because Defendant's counsel and client representative incurred significant costs in order to attend the Preliminary Pretrial Conference, which was cancelled and rescheduled due to Ms. Besola's and Plaintiff Garcia's unexcused failure to appear.

For all of these reasons, the Court will imposes a monetary sanction against Ms. Besola and Plaintiff Garcia, jointly and severally, in the amount of $1,412.81, the reasonable expenses incurred because of their noncompliance with Rule 16(f), including attorney's fees.  See Fed.R.Civ.P. 16(f).

The calculation of monetary sanctions is based on the following evidence presented at the Preliminary Pretrial Conference after the Court determined that Ms. Besola and Plaintiff Garcia had failed to appear in violation of Rule 16(f):  (i) Mr. Bradley's round-trip airline ticket from Los Angeles to Phoenix cost $240.60; (ii) Ms. Norris's round-trip airline ticket from Chicago to Phoenix cost $432.21; (iii) Ms. Norris's one-night hotel stay cost $240.00; and (iv) the approximate amount of attorney's fees expended by defense counsel in preparation for the Pretrial Conference is $500.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's counsel, Jennifer Basola, and Plaintiff Carmen Garcia, jointly and severally, shall pay sanctions to Defendant's counsel of record, Donald Bradley, in the amount of $1412.81, the reasonable expenses incurred because of their noncompliance with Rule 16(f), including attorney's fees, no later than Thursday, January 4, 2007.

**IT IS FURTHER ORDERED** that a Preliminary Pretrial Conference is scheduled to take place in Courtroom 605, 401 W. Washington Street, Phoenix, Arizona, on Tuesday, January 16, 2007 at 2:00 p.m.  With the exception of the time and date change, the provisions

1  of this Court's Order of October 5, 2006 shall remain binding on both parties and their

2  counsel.

3      **IT IS FURTHER ORDERED** that, no later than December 18, 2006, counsel for

4  Defendant shall file proof of the costs incurred by Mr. Bradley and Ms. Norris to attend the

5  December 4, 2006 Preliminary Pretrial Conference.

6      **IT IS FURTHER ORDERED** that Patricia Norris, client representative for

7  Defendant Trans Union, may appear telephonically at the Rule 16 Preliminary Pretrial

8  Conference scheduled to take place on January 16, 2007 at 2:00 p.m.  Ms. Norris shall call

9  the Court on January 16, 2007 at 1:55 p.m. at 602-322-7555.

10     DATED this 4th day of December, 2006.

11

12

13                                    Stephen M. McNamee
                                      United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -